UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

BARBARA LAPLUME,

      Plaintiff,

v.

NCL (BAHAMAS) LTD.,
a Bermuda company;

      Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff BARBARA LAPLUME (hereinafter "Plaintiff"), by and through her undersigned counsel, sues Defendant NCL (Bahamas), LTD, a Bermuda company (hereinafter "NCL"); and in support states as follows:

**I.     PRELIMINARY ALLEGATIONS**
**a. The Parties**

1.     Plaintiff, BARBARA LAPLUME, is a citizen and resident of the state of Rhode Island, and otherwise *sui juris*.

2.     Defendant, NCL (Bahamas), LTD., is a corporation incorporated under the laws of the country of Bermuda having its principal place of business in Miami, Florida.

**b.     Jurisdiction and Venue**

3.     The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

4.     In the event this matter does not come under diversity jurisdiction of the court, then this matter is being brought under the admiralty and maritime jurisdiction of the court pursuant to 28 U.S.C. 1333.

5.      Defendant, at all times material hereto, personally or through an agent, servant, and/or employee:

a.      Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office and/or agency in this state and/or county; and/or

b.      Were engaged in substantial activity within this state; and/or

c.      Operated vessels in the waters of this state; and/or

d.      Committed one or more of the acts stated in Florida Statutes, § 48.081, §48.181 or §48.193; and/or

e.      The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state; and/or

f.      The Defendant was engaged in the business of providing to the public, and to the Plaintiff in particular, for compensation, vacation cruises aboard their various vessels.

6.      The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7.      At all times material hereto, Defendant, NCL, owned, operated, managed, maintained and/or controlled the vessel "Bliss".

8.      On August 31, 2019, Plaintiff, embarked on a 7-night Alaska cruise vacation aboard Norwegian's Bliss out of the port of Seattle, Washington.

9.      On September 7, 2019, Plaintiff was a paying passenger on Defendant, NCL's vessel "Bliss" which was in navigable waters

10.     On September 7, 2019, at approximately 12:30 pm, Plaintiff was standing next to one of the vessel's outside pools of the Bliss' "Aqua Park" and while watching the kids play

through the pool's glass enclosure, when suddenly and without notice, water from the pool started rushing over and between the glass pool enclosure causing her to slip and fall on her left hip.

11.     Immediately after the fall, Plaintiff noted severe left hip pain and was unable to stand on her own. Shortly thereafter, she was taken the vessel's medical center for examination.

12.     On this same day, at the request of NCL's ship physician, Plaintiff, was referred ashore and disembarked at the port of Victoria, BC, for emergency medical care at the Royal Jubilee Hospital in Vancouver, Canada, where she was diagnosed with serious fractures requiring emergent surgery.

13.     All conditions precedent for filing and maintaining this action have been fulfilled, performed or waived.

## COUNT I – FAILURE TO WARN

Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs one (1) through thirteen (13) as though alleged originally herein.

14.     It was the duty of Defendant NCL to warn the Plaintiff of any hazardous conditions of which it had actual or constructive notice.

15.     The ejection of water from the pool causing a stream across the adjacent deck flooring caused the deck surface to go from being dry to suddenly being wet and slippery.

16.     That the deck surface was caused to go from being dry to suddenly being wet and slippery created a hazardous condition that was not otherwise "open and obvious" to Plaintiff or to others similarly situated.

17.     The ejection of water from the pool causing a stream across the adjacent deck flooring was not an isolated occurrence but had occurred with a sufficient frequency as to place

Defendant NCL on actual or constructive notice that it was causing the deck to become wet and slippery during intervals of time that passengers such as the Plaintiff were traversing the area.

18.     The foregoing hazardous flooring conditions in or about one of the outside pools of the Bliss' "Aqua Park" existed for a sufficient length of time such that Defendant NCL in the exercise of reasonable care under the circumstances knew of the hazardous conditions or should have learned of the hazardous conditions.

19.     Defendant NCL's actual or constructive knowledge of the foregoing hazardous flooring conditions obligated Defendant with a duty to warn Plaintiff and others similarly situated of said hazardous conditions.

20.     Despite Defendant NCL's duty to warn as aforesaid, it failed to warn or otherwise provide notice Plaintiff of the hazardous conditions, thus directly and proximately causing Plaintiff's injuries.

21.     As a direct and proximate result of Defendant NCL's failure to warn the Plaintiff of the hazardous conditions in or about one of the outside pools of the Bliss' "Aqua Park", Plaintiff sustained permanent injuries including but not limited to disfigurement, suffered severe physical pain, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits of life, other mental and/or nervous disorders, suffered aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries both in the past and anticipated to be incurred in the future and suffered physical handicap. The injuries and damages are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation cruise for which she incurred expenses, including, but not limited to the cost of the cruise ticket for herself, as well as transportation costs.

WHEREFORE, Plaintiff BARBARA LAPLUME demands judgment for all damages recoverable under the law against the Defendant NCL (BAHAMAS) LTD., a Bermuda company, as well as for court costs and further demands trial by jury for all such issues so triable as a matter of right.

## COUNT II – NEGLIGENCE

Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs one (1) through thirteen (13 as though alleged originally herein.

22.     It was the duty of Defendant NCL to provide Plaintiff with reasonable care under the circumstances.

23.     On or about September 7, 2019, Defendant NCL and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

24.     On or about the previously mentioned date, Plaintiff was injured in or about one of the outside pools of the Bliss' "Aqua Park", when suddenly and without notice, water from the pool started rushing over and between the glass pool enclosure causing her to slip and fall on her left hip and suffer serious fractures requiring surgery.

25.     Plaintiff's injuries were due to the fault and/or negligence of Defendant NCL, and/or its agents, servants and/or employees as follows:

a.      Failure to have an adequate non-slip flooring surface, where Plaintiff slipped and fell, and/or;

b.      Failure to have a policy/procedure and/or adequate policies/procedures in place in order to ensure the floor is free from any hazardous and or otherwise dangerous conditions, and/or;

c. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident Plaintiff suffered, from happening, and/or;

d. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by Plaintiff, and/or;

e. Knowing from previous similar incidents of the likelihood of such an accident yet failing to take steps to correct the conditions causing the accident.

f. Failing to properly maintain safe water levels in the pool so that water spillage or run-off could be properly prevented from creating a hazardous condition on the deck flooring; and

g. Failing to properly route excess water from the pool away from travelled deck surfaces so that water spillage or run-off could be properly prevented from creating a hazardous condition on the deck flooring.

26. At all times material hereto, Defendant NCL had exclusive custody and control of the above-named vessel.

27. At all times material hereto, Defendant NCL negligently failed investigate and/or mitigate, eliminate or correct the above referenced hazardous conditions on the vessel which caused Plaintiff to be injured.

28. Defendant NCL either knew of the foregoing hazardous conditions causing Plaintiff's injuries and did not correct them, or the hazardous conditions existed for a sufficient length of time so that Defendant NCL in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

26. As a direct and proximate result of the negligence of Defendant NCL as aforesaid, sustained permanent injuries including but not limited to disfigurement, suffered severe physical

pain, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits of life, other mental and/or nervous disorders, suffered aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries both in the past and anticipated to be incurred in the future and suffered physical handicap. The injuries and damages are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation cruise for which she incurred expenses, including, but not limited to the cost of the cruise ticket for herself, as well as transportation costs.

WHEREFORE, Plaintiff BARBARA LAPLUME demands judgment for all damages recoverable under the law against the Defendant NCL (BAHAMAS) LTD., a Bermuda company, as well as for court costs and further demands trial by jury for all such issues so triable as a matter of right.

Dated this 4th day of September, 2020.

CHARLIP LAW GROUP, LC
*Counsel for Plaintiff*
999 Brickell – Suite 840
Miami, Florida 33131
Phone: (305) 354-9313
Fax:    (305) 354-9314
Email:
dcharlip@charliplawgroup.com
assistant@charliplawgroup.com


By: */s/ David H. Charlip, B.C.S.*
        David H. Charlip, B.C.S.
        Florida Bar No.: 329932